IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JUDSON CUNNINGHAM,  )
                    )
        Plaintiff,  )      TC-MD 120678D
                    )
    v.              )
                    )
DEPARTMENT OF REVENUE,  )
State of Oregon,    )
                    )
        Defendant.  )      **DECISION**

Plaintiff appeals Defendant's Account Inactivation notice, dated October 5, 2011. In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss (Motion) on August 8, 2012, stating that "Plaintiff's appeal was not filed within 90 days of the determination of account inactivation as required by law." (Def's Mot at 2.) A telephone trial was held on September 17, 2012. Plaintiff appeared on his own behalf. Defendant did not appear.

## I. STATEMENT OF FACTS

The parties agree that Plaintiff participated in Oregon's Senior and Disabled Property Tax Deferral Program (Program) for tax years 2009-10 and 2010-11.[1] In a letter dated June 30, 2011, Defendant advised Plaintiff that he "must recertify for the 2011-12 tax year by July 25, 2011," explaining that "[t]o recertify," he must "complete the enclosed certification form and return it to the address on the certification by July 25, 2011." (Ptf's Compl at 7.)

After receiving Defendant's letter dated June 30, 2011, Plaintiff sent an email dated July 2, 2011, to Bram Ekstrand (Ekstrand), Defendant's employee working in "Unit Deferral," stating:

---

[1] Plaintiff's Complaint stated that he participated in the Program in the 2008-09 tax year.

"When we became eligible for the property tax deferral program, in 2008, our property was already under reverse mortgage but, as you know, at that time such was not grounds for disqualification or inactivation. As I understand the published changes, such is no longer the case and we are ineligible for further payment of our property taxes by the state regardless of our financial conditions.

"My main concern is whether we are still required to file the recertification declaration even though we know we are no longer eligible. This is something of a burden because our income has shrunk to the point where we are no longer required to file state and/or federal income tax returns (since 2009) so we no longer maintain those kind of records.

"If it is your department's position that we must still file this document for some purpose despite our ineligibility, please provide me with written documentation thereof and a citation to the statute or other authority on which you rely."

(Ptf's Ex 3 at 1.) In his email response dated July 8, 2011, Ekstrand stated:

"The decision to file or not to file the recertification is yours. There isn't any statutory requirement to compel you to file it. You might receive a notification in the future of pending inactivation because we haven't received your recertification."

(*Id.*) Plaintiff testified that Defendant "subsequently published an online clarification indicating that those 'properties with reserve mortgages don't qualify for the deferral program. We'll "inactivate" current participants with reverse mortgages. This means we won't pay any more property taxes, but we'll continue to defer past taxes we paid (with applicable interest) until the applicant dies or the property is sold.' " (Ptf's Ex 2 at 2.)

Plaintiff received an Account Inactivation letter dated October 5, 2011, from Defendant, stating:

"Thank you for applying for the Senior and Disabled Property Tax Deferral program.

"Unfortunately, you don't meet the program's new requirements. We will inactivate your account unless you prove that you do. Please send us proof by September 29 or within 14 days from the date of this notice, whichever is later. If the information you send doesn't prove you meet the requirements, or you don't provide proof by the deadline, the inactivation becomes final.

"* * * * *

"We will inactivate your account because:

"We did not receive the information we required from you to confirm your eligibility. We requested your NO RECERTIFICATION FORM RECEIVED."

"If you disagree with our decision, you may appeal to the Magistrate Division of the Oregon Tax Court."

(Ptf's Ex 4 at 1.) Plaintiff testified that he "assumed no further request for clarification was necessary" because "the only way Plaintiff could re-certify was through termination of his reverse mortgage and such was not possible." (Ptf's Compl at 2.) Plaintiff testified that "[s]till concerned about the unanswered question posed to Mr. EKSTRAND, Plaintiff again turned to the internet for help and, on October 7, 2011 found a Department of Revenue publication purporting to provide answers to frequently asked questions. The salient one was:

QUESTION:

'I know I'm not eligible. Do I still have to return the application/re-certification form?'

ANSWER:

'No.

If we don't hear from you, we may contact you to make sure you received the application/recertification form, or didn't overlook it.' " (*Id*. at 4; Ptf's Ex 5.)

In Plaintiff's Complaint, section 3.4, Plaintiff stated:

"In early 2012, in apparent response to a plethora of complaints from outraged seniors who had been summarily hit with large, unexpected tax liabilities for 2011 and 2012, the legislature began drafting a bill to provide two years relief. [House Bill (HB)] 4039 passed the house, was revised and passed by the senate and went back for final revision and passage on February 22. On March 5, 2012, Governor KITZHABER signed the bill which, by its terms (section 9) would take effect on the 91st day following adjournment of the Legislature, i.e., June 4, 2012.

"Under the amendment to section 311.689(b), the bill provides:

'The department shall notify the taxpayers in writing of the obligation to

certify eligibility <u>under this subsection</u> (emphasis supplied) and the taxpayers shall respond, by the means prescribed by the department, within 65 days after the department sends the notification.'

"**Plaintiff never received notice, in any form, of the relief afforded reverse mortgage holders under HB 4039, from defendant.**"

(Ptf's Compl at 4.)

In Plaintiff's Complaint, section 3.5, Plaintiff stated:

"Despite the lack of notice from Defendant, Plaintiff had followed the well reported course of the legislation on the internet and, nine days after its reported signing (March 14, 2012), Plaintiff called the Defendant and spoke to a male identified as 'ROBERT' to ascertain what would be required of Plaintiff to avail himself of the HB 4039 refund of 2011 taxes paid and the deferral of 2012 taxes.

"* * * * *

"Alarmed by the tenor of the conversation and unwilling to wait for the mail, Plaintiff immediately obtained copies of the forms on the internet and faxed to them to defendant along with other materials on the very same day, March 14, 2012."

(*Id.* at 5; Ptf's Ex 7.) There is no dispute that on March 14, 2012, Plaintiff submitted and Defendant subsequently received Plaintiff's completed 2011 Property Tax Deferral Recertification Application in addition to Household Income Worksheets for 2010 and 2011. (Ptf's Ex 7 at 3-5.)

Plaintiff testified that Defendant did not respond "in any form, to the submission of Exhibit 7." Plaintiff testified that on July 2, 2012, he telephoned Defendant, "to inquire when the refund of Plaintiff's 2011 taxes would be made." (Ptf's Compl at 5.) Plaintiff testified that he "drove to Salem, met with Mr. EKSTRAND and TERESA, both of whom discussed the situation with great patience and courtesy while professing an inability to grant any relief under what they perceived or had been told was the controlling law." (*Id*. at 6.)

In its Motion, Defendant stated because Plaintiff failed to return the 2011 Property Tax Deferral Recertification Application, the "department sent an Account Inactivation notice to

plaintiff on October 5, 2011. The notice explained that the inactivation would be final 'within 14 days of this notice,' and that the reason for inactivation was because we 'did not receive the information we requested from to confirm your eligibility.' The notice also contained appeal rights, and explained that an appeal must be filed within 90 days from the date the account inactivation becomes final." (Def's Mot at 1-2.) Defendant's Motion to Dismiss concluded that "Plaintiff's appeal was not filed within 90 days of the determination of account inactivation as required by law. Therefore, this court should grant defendant's motion and dismiss the complaint." (*Id.* at 2.)

## II. ANALYSIS

Defendant alleges that because Plaintiff did not appeal its Account Inactivation notice dated October 5, 2011, within "90 days of the determination of account inactivation as required by law," Plaintiff lost his opportunity to qualify for Oregon's Senior and Disabled Property Tax Deferral Program (Program) for tax year 2011. (*Id.*) Legislative enactments in 2012 do not support Defendant's conclusion.

Taxpayers like Plaintiff who owned qualifying property with reverse mortgages were disqualified from the Program when the 2011 Oregon legislative enactments were passed effective for tax year 2011-12. *See* HB 2543 (2011). Subsequently, the 2012 Oregon legislature changed the law, allowing individuals owing qualifying property with reverse mortgages to qualify for the Program for the 2011-12 and 2012-13 tax years. To qualify, individuals had to comply with all three requirements stated in HB 4039 (2012), section 7:

> "(1) Notwithstanding section 24 (1), chapter 723, Oregon Laws 2011, the amendments to ORS 311.700 by section 16, chapter 723, Oregon Laws 2011, apply to property tax years beginning on or after July 1, 2013, for homesteads:
>
> "(a) That were determined, pursuant to chapter 723, Oregon Laws 2011, to be ineligible for deferral under ORS 311.666 to 311.701 solely because the homestead was pledged as security for a reverse mortgage;

"(b) That had been granted deferral under ORS 311.666 to 311.701 at the time of the determination of ineligibility; **and**

"(c) For which an application for recertification of deferral under ORS 311.666 to 311.701, as required pursuant to chapter 723, Oregon Laws 2011, was submitted on or before February 1, 2012, for the property tax year beginning on July 1, 2011."

(Emphasis added.)  HB 4039 required that "an application for recertification of deferral" be "submitted on or before February 1, 2012, for the property tax year beginning on July 1, 2011." (*Id*.)  Plaintiff's 2011 Property Tax Deferral Recertification Application (Application) was submitted on March 14, 2012.  (Ptf's Ex 7 at 3.)

The A-Engrossed HB 4039 recommended by the House Revenue Committee on February 7, 2012, stated that a qualifying property owner's "application for recertification of deferral" was "required" to be "submitted on or before February 1, 2012, for the property tax year beginning on July 1, 2011."  House Amendments to HB 4039 (2012) at 1-2.  There was oral testimony followed by written testimony requesting that the February 1, 2012, date be changed to May 1, 2012, or requesting to "extend the deadline to 30 days from the passage of HB 4039A for the most vulnerable former [property tax deferral program] participants to re-apply to the program" presented to the Oregon Senate Finance and Revenue Committee.  Testimony, Senate Finance and Revenue Committee, HB 4039, Feb 15, 2012 (written statement of Darvel Lloyd, dated February 14, 2012, on behalf of the Southeast Portland Senior Advisory Council under Impact NW's Program for Senior and Adults With Disabilities.)  David Raphel submitted testimony stating that "in the interest of fairness, we want to urge the Committee to open the door a little wider to accommodate that additional contingent. * * * We believe that it is only fair to include this additional category of homeowners who are equally distressed as those being grandfathered into the program – except for the fact that they failed or were advised not to reapply earlier." *Id.*  (written statement of David Raphael, dated February 15, 2012, on behalf of

the Alliance of Vulnerable Homeowners). The Senate Finance and Revenue Committee did not vote to change the February 1, 2012, date and subsequently HB 4039 was enacted with the February 1, 2012, date.

### III. CONCLUSION

Unfortunately, Plaintiff's failure to submit his Application on or before February 1, 2012, prevents him from qualifying for the Program for the 2011-12 tax year. Plaintiff did not comply with the requirements stated in HB 4039, section 7. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of November 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on November 8, 2012. The Court filed and entered this document on November 8, 2012.*